Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SUSAN ROCHELLE GREGORY, ) | Case No. 18-bk-50243 |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| ) | |

## MEMORANDUM OPINION

Robert L. Johns, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Susan Rochelle Gregory (the 'Debtor"), seeks to employ John J. Mize and the Mize Law Firm, PLLC (collectively, "Mize"), under 11 U.S.C. § 327(c), to represent him as special counsel in litigating various insurance claims, and a possible legal malpractice claim, that became property of the Debtor's bankruptcy estate when she filed her November 30, 2018 bankruptcy petition. In addition to his proposed employment by the Trustee, Mize represents the largest creditor of the Debtor's bankruptcy estate and has filed an adversary proceeding to deny entry of the Debtor's discharge.

For the reasons stated herein, the Court will grant, in part, the Trustee's Application.

## I. BACKGROUND

Before filing her Chapter 7 bankruptcy petition, the Debtor operated Happy Jack's Family Daycare as a sole proprietorship. She attempted to purchase liability insurance for her business from Mike Richmond and Richmond Insurance Company (collectively, "Richmond"), an agent of Allstate Property and Casualty Insurance Company ("Allstate"). According to the Debtor, Richmond undertook certain actions that led the Debtor to believe that that she had the necessary liability insurance coverage to operate her licensed daycare business.

Thereafter, Marvetta Meadows retained the Debtor to care for her infant son, M.M. While in the Debtor's care, M.M. rolled onto his stomach and died from asphyxiation and other related causes. Following M.M.'s death, Ms. Meadows hired Mize to represent her in a wrongful death action against the Debtor. Allstate also informed the Debtor that she did not have liability insurance

1

coverage for her daycare business. Nevertheless, Allstate retroactively amended the Debtor's insurance policy provide $100,000 in liability insurance during the period of M.M.'s death.

On behalf of Ms. Meadows, Mize filed a complaint against the Debtor in state court for the wrongful death of her child and asserted third-party causes of action against Richmond and Allstate based on their alleged failure to properly inform the Debtor about the availability of various business liability insurance policies and coverage, and their alleged failure to provide the proper business liability coverage to her. Had the Debtor been properly insured, Ms. Meadows asserts, the insurance proceeds available to compensate her for the death of M.M. would have greatly exceeded the $100,000 in coverage that Allstate retroactively provided. Richmond and Allstate moved to dismiss Ms. Meadows's third-party claims against them based on Ms. Meadow's purported lack of standing; however, the presiding judge determined to allow further discovery on the parties' respective positions and stated that he would adjudicate the matter after the close of discovery under a summary judgment standard.

The Trustee asserts that the Debtor has first-party causes of action against Richmond and Allstate for agent negligence, breach of the duty of good faith and fair dealing, and other claims related to Richmond's and Allstate's failure to provide options for appropriate business liability insurance coverage. The Debtor has not sought to litigate those claims in the state court proceeding. For purposes of the state court litigation, Thomas G. Steele and Steele Law Offices (collectively "Steele"), were retained by Allstate to represent the Debtor. Among other things, the Trustee asserts that Steele may be committing malpractice by not asserting the Debtor's alleged claims against Richmond and Allstate as a first-party plaintiff. Part of the Trustee's malpractice theory is that Steele may have been representing the best interests of Allstate and not the Debtor in refusing to file cross claims against Richmond and Allstate in the state court proceeding.

After the Debtor filed her Chapter 7 bankruptcy petition, Ms. Meadows, through Mize, filed an adversary complaint seeking to deny entry of the Debtor's anticipated Chapter 7 discharge. On December 16, 2019, the court dismissed all counts of that adversary complaint except Count I, which alleges that the Debtor knowingly and fraudulently failed to list litigation claims against Richmond and Allstate on the schedules accompanying her bankruptcy petition. On February 28, 2019, Ms. Meadows filed a proof of claim for $7 million in the Debtor's bankruptcy case. The Debtor's claim register reflects that other unsecured creditors have filed claims in the approximate amount of $17,500.

## II. DISCUSSION

The Trustee asserts that Mize's appointment as special purpose counsel to pursue causes of action belonging to the Trustee as the administrator of the Debtor's bankruptcy estate is appropriate under 11 U.S.C. § 327(c) because Mize's creditor client, Ms. Meadows, does not hold an actual conflict of interest against the Debtor's bankruptcy estate regarding the matter for which Mize is to be employed.

In adjudicating the Trustee's application to employ, the court will consider: (a) the extent to which it may consider objections to the Trustee's application to employ Mize that were filed by Richmond, Allstate, Steele, and the Debtor; (b) the standard by which a court is to review special purpose employment under § 327(c); (c) whether Mize's representation of Ms. Meadows in an action to deny the Debtor a Chapter 7 discharge creates an actual conflict of interest between Ms. Meadows and prosecution of the Trustee's purported legal claims against Richmond, Allstate, and Steele; (d) whether Mize's representation of Ms. Meadows in her third-party claims against Richmond and Allstate creates an actual conflict of interest with the bankruptcy estate's purported first-party claims against Richmond and Allstate; and (e) whether other factors exist regarding Mize's employment that create an actual conflict of interest between Mize's creditor client and the Trustee such that the Trustee should be denied his chosen litigation counsel.

### A. Who May Object to Special Purpose Employment Under 11 U.S.C. § 327(c)

Richmond, Allstate, Steele, and the Debtor, the first three of which are future defendants in the Trustee's contemplated causes of action, are the only parties in the case that are objecting to the Trustee's proposed employment of Mize.

Section 327(c) of the Bankruptcy Code expressly limits the parties who are eligible to file an objection to the employment of special cousnel:

> [A] person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

*Id*. *See Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382, 386 (5th Cir. 2018) (stating that a non-creditor does not have standing to object to an employment application under § 327(c)); *Staggs v. Thomas (In re A & A Communs. Dev., Inc.)*, Case No. 6:07-cv-1731, 2008 U.S. Dist. LEXIS 27545 at *15 (M.D. Fla. Mar. 28, 2008) ("The section does not grant the right to adversary defendants to object to the appointment of opposing special counsel. Accordingly, Appellants lack

standing to appeal the Bankruptcy Court's appointment of special counsel."); *Stalnaker v. DLC, Ltd. (In re DLC, Ltd.)*, Case No. 97-82177, 2000 Bankr. LEXIS 2037 (Bankr. D. Neb. Dec. 14, 2000) ("Neither DLC nor Trust are creditors of this estate. Therefore, from the face of the statute, one can determine that they do not have standing to raise such an objection.").

Notwithstanding the fact that the Richmond, Allstate, Steele, and the Debtor are ineligible as non-creditors to object to the Trustee's application to employ Mize under the plain language of 11 U.S.C. § 327(c), the court will exercise its powers under 11 U.S.C. § 105(a) to satisfy itself that no actual conflict exists between Mize's creditor client and his representation of the Trustee, and that Mize's contemplated employment is otherwise appropriate under § 327(a). *See, e.g.*, *In re Barnes*, Case No. 12-65084, 2013 Bankr. LEXIS 2876 at *10 (Bankr. D. Ore. July 16, 2013) ("[T]here is authority that I may *sua sponte* consider actual conflict issues stemming from dual representation."); *In re Penney*, 334 B.R. 517, 520 n.3 (Bankr. D. Mass. 2005) ("A bankruptcy court has the authority and the responsibility to approve the employment only of professionals who meet the minimum requirements set forth in § 327(a) independent of objection."); *In re Am. Energy Trading, Inc.*, 291 B.R. 154157-58 (Bankr. W.D. Mo. 2003) (same). Accordingly, to the extent that the objections of Richmond, Allstate, Steele and the Debtor help the court facilitate its own independent review of the propriety of the Trustee's employment of Mize, the court will consider them.

**B. Standards for Special Purpose Employment under 11 U.S.C. § 327(c)**

Section 327(a) provides that "the trustee, with court approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." Pursuant to the very definition of "disinterested person" in § 101(14)(A), a creditor is not a disinterested person, and, consequently, an attorney cannot represent both a creditor and a bankruptcy estate under § 327(a). Likewise, an attorney representing a creditor under § 327(a) has an "interest adverse to the estate" insofar as a creditor's attorney is both asserting a claim against the bankruptcy estate and representing the estate at the same time. *See generally*, 3 *Collier on Bankruptcy* ¶ 327.04 (2019) (explaining the selection of professional persons to represent the estate).

However, under § 327(c), when seeking approval for the employment of special purpose counsel, and not employment of counsel for the bankruptcy estate generally, an attorney is not

4

disqualified for employment by the bankruptcy estate solely because of that attorney's representation of a creditor.[1] Section 327(c) creates a limited exception to allow the representation of the bankruptcy estate and an estate creditor, which would otherwise be a disqualifying event under § 327(a). *See, e.g.*, *In re Interwest Bus. Equip., Inc.*, 23 F.3d 311, 316 (10th Cir. 1994) ("The bankruptcy judge can disqualify a professional solely on the basis of simultaneous representation, if it finds the joint representation creates an actual conflict."). Thus, for special purpose counsel, "there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself." *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1992); *see also In re Hanckel*, 517 B.R. 609, 615 (Bankr. D.S.C. 2014) ("Most frequently, courts permit simultaneous representation when . . . [t]he shared goal of enlarging the estate, without the specter of preference for the creditor, means there is no actual conflict [because a]ll creditors share in the gain.").

**C. Actual Conflict & Adversary Complaint to Deny the Debtor a Discharge under § 727(a)(4)(A)**

On behalf of Ms. Meadows, Mize filed an adversary complaint against the Debtor to deny entry of her discharge pursuant to 11 U.S.C. § 727(a)(4)(A). More specifically, Ms. Meadows seeks to prove the factual basis for the following assertions:

> 30. The [Debtor] knowingly, intentionally, and fraudulently made a false oath when she failed to disclose her claims against [Richmond and Allstate on her bankruptcy petition].

(Case No. 5:19-bk-5002, Document No. 1).

Now, on behalf of the Trustee for the Debtor's bankruptcy estate, Mize anticipates bringing claims against Richmond and Allstate for "their fraudulent failure to procure appropriate liability insurance coverage to indemnify the Debtor's in-home day care business against [Ms. Meadows's]

---

[1] When examining employment and actual conflicts of interest under 11 U.S.C. § 327(c), the state rules governing professional responsibility apply unless they conflict with the Bankruptcy Code or Rules. *E.g.*, *In re Johnson*, 312 B.R. 810, 822 (E.D. Va. 2004) ("[T]he determination of whether an actual conflict of interest existed in this case must be guided by federal bankruptcy law and not state law. State law, including state rules of professional conduct . . . are not determinative."); *In re Weilert*, No. 13-16155, 2016 Bankr. LEXIS 4235 at *24 (Bankr. E.D. Cal. Dec. 8, 2016) (stating that, in determining the existence of a conflict of interest, the state rules of professional responsibility apply so long as they do not conflict with the Bankruptcy Code or Rules); *In re Winne Residential Asset Mgmt. Co., LLC*, No. 09-50401, 2009 Bankr. LEXIS 4164 at *15-16 (Bankr. W.D.N.C. Dec. 18, 2009) ("As worthy and useful as [state rules of professional conduct] may be, the state procedure does not supplant § 327 in a bankruptcy case.").

wrongful death claim." (Case No. 5:18-bk-50243, Document No. 59). The gist of the Trustee's contemplated cause of action against Steele is disclosed in a May 15, 2019 letter from Mize to Steele discussing a subpoena that Ms. Meadows had served on Steele:

> First, your client has relied on an advice of counsel / lack of advice of counsel defense to the complaint objecting to discharge . . . . [Y]ou, as [the Debtor's] then acting attorney, would have had a duty to discuss with her the offer of settlement . . . . [that] Ms. Meadows was offering to settle all claims against [the Debtor] in exchange for the assignment of her claims against Allstate and Richmond. Despite your obligation to fully explain the settlement offer to [the Debtor], thus apprising her of the existence of her claims against Allstate and Richmond in November 2017, [the Debtor] now asserts that she had no knowledge of these potential claims at the time she filed her bankruptcy case 10-12 months later. . . . The only other plausible explanation is that you failed to fully educate her on the nature and value of these claims because of the potential harm they could have caused Allstate. Such a failure would have, at a minimum, violated Rule 1.4 of the West Virginia Rules of Professional Responsibility.

(Case No. 5:19-ap-5002, Document No. 47-5).

Importantly, a Chapter 7 trustee has an obligation to, "if advisable, oppose the discharge of the debtor." 11 U.S.C. § 704(a)(6). The Chapter 7 trustee's ability to object to entry of discharge is not exclusive: § 727(c)(1) specifically states that "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." In fact, § 727(a) "'is directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectionable conduct that is of a magnitude and effect broader and more pervasive than a fraud on . . . a single creditor.'" *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1311 (2d Cir. 1996) (citation omitted); *see In re Harrison*, 71 B.R. 457, 459 (Bankr. D. Minn. 1987) (stating that when a creditor objects to entry of discharge under § 727(c), the creditor "assumes something of the role of a trustee").

The cause of action asserted by Ms. Meadows to deny entry of the Debtor's discharge under § 727(a)(4)(A), which is aimed at protecting the integrity of the bankruptcy system, is not unique to Mize's creditor client. Instead, the Trustee, the United States trustee, or another creditor could have asserted such a claim had they acted timely. Moreover, the factual basis for Ms. Meadows's adversary proceeding – that certain pre-petition causes of action exist against Richmond and Allstate – are entirely consistent with Mize's representation of the Trustee, who seeks to prosecute these same causes of action. The court ascertains no actual conflict of interest regarding Ms. Meadows's assertion that the Debtor knowingly and fraudulent fraudulently failed to disclose

6

litigation claims on her bankruptcy schedules against Richmond and Allstate, and the Trustee's contemplated causes of action to pursue those undisclosed claims.

On the other hand, Mize's representation of both Ms. Meadows and the Trustee in pursuing a potential malpractice claim against Steele would require Mize to impermissibly divide loyalties between his clients. In representing the best interest of Ms. Meadows's in her attempt to deny entry of the Debtor's Chapter 7 discharge, Mize must demonstrate that the Debtor knew that she had pre-petition litigation claims against Richmond and Allstate, but she intentionally and fraudulently failed to schedule them as assets when she filed her November 30, 2018 bankruptcy petition and schedules. As evidenced by Mize's letter to Steele, it is in Ms. Meadows's best interest to show that Steele specifically communicated information to the Debtor regarding the existence of those alleged legal claims before she filed bankruptcy to help prove the Debtor's state of mind when she completed her bankruptcy schedules.

In the Trustee's contemplated malpractice claim against Steele, however, again consistent with Mize's letter to Steele, it is in the Trustee's best interest to show that Steele "failed to fully educate [the Debtor] on the nature and value of these claims because of the potential harm they could have caused Allstate." Mize cannot, at the same time, seek to establish on behalf of his creditor client that Steele informed the Debtor about her pre-petition causes of action against Richmond and Allstate, and at the same time, seek to establish on behalf of the Trustee that Steele failed to inform the Debtor about her pre-petition causes of action against Richmond and Allstate. The Trustee, therefore, cannot employ Mize in conjunction with the filing of a malpractice claim against Steele.

**D. Actual Conflict & Assertion of both First-Party and Third-Party Insurance Claims**

The court must next determine if any actual conflict of interest exists between the third-party claims previously asserted by Ms. Meadows against Richmond and Allstate, and the contemplated first-party claims that Trustee intends to assert against Richmond and Allstate.

When Ms. Meadows filed the state court complaint against Richmond and Allstate, she alleged that Richmond had specifically instructed the Debtor that her in-home daycare had insurance coverage under the Debtor's existing homeowner's insurance policy. Contrary to Richmond's alleged assertions, Allstate requires an additional endorsement to cover a daycare business – a fact that Richmond allegedly should have known. Nonetheless, Richmond purportedly failed to inform the Debtor about different levels of proper liability insurance coverage or offer

7

those options to her. The Debtor then relied on Richmond's alleged misrepresentation in holding herself out to her clients as a licensed and insured daycare business. In Ms. Meadows's view, she was a foreseeable, identifiable and intended third-party beneficiary of the alleged insurance contract between Richmond, Allstate, and the Debtor.

In the state court proceeding, when arguing a motion to dismiss before the court, Allstate's counsel summarized Allstate's basis for seeking dismissal of Ms. Meadows's third-party claims:

> [W]hat the plaintiff is asking to do in this case is to bring a claim directly against the agent, arguing that there was a failure to procure coverage on behalf of the insured, who was Gregory. But it is not being brought by Gregory, but by the plaintiff.
>
> And that is something that the court has never acknowledged . . . . The plaintiff in this case does not have standing. Standing goes to the existence of a cause of action. And in this case, the plaintiff cannot bring a claim for failure to procure or reasonable expectations [of insurance] against Allstate or the agent. That claim is owned solely by Ms. Gregory, the Allstate insured and not by the third party.

(Case No. 19-ap-5002, Document No. 37-14, pp. 7-8).

As is plain from the Trustee's position in seeking to employ Mize, and from Allstate's statements in the state court proceeding, the rights, if any, of Ms. Meadows against Richmond and Allstate are derivative of the Debtor's pre-petition rights against Richmond and Allstate. At this time, the court cannot ascertain any actual conflict between Mize's representation of the Trustee and his representation of Ms. Meadows because it does not appear to the court that Ms. Meadows has any separate economic interest in the state court litigation that would tend to lessen the value of the bankruptcy estate's contemplated causes of action. Likewise, there is no indication that Ms. Meadows has any rival claims against the bankruptcy estate or against another creditor of the bankruptcy estate in pursuing the special purpose litigation. There is no indication that Ms. Meadows possesses any predisposition of bias against the estate or that Mize's representation would be rendered less effective by such dual representation. To the contrary, it appears that both Ms. Meadows and the Trustee want to maximize the value of the estate by recovering against Richmond, Allstate, and Steele. *See, e.g.*, *Manchester v. Kretchmar (In re Kretchmar)*, No. 16-14337, 2019 Bankr. LEXIS 1934 at *10-11 (Bankr. W.D. Okla. June 25, 2019) (approving the dual representation of the estate's largest creditor and the trustee when both shared the common interest of enlarging the bankruptcy estate); *Schafer v. Maerlender (In re Maerlender)*, Case No. 02-11895C, 2006 Bankr. LEXIS 655 at *12 (Bankr. M.D.N.C. Apr. 14, 2006) (finding the interests

of a creditor client and the estate to be aligned in the special purpose employment and approving dual representation); *Shodeen v. Petit*, No. 05-10947, Bankr. LEXIS 3889 at *20 (Bankr. S.D. Iowa Dec. 11, 2006) (approving the employment of an attorney that would represent the estate and a creditor concurrently when both the creditor and the estate had "the parallel interest of maximizing the estate through recovery in the [pre-petition state court litigation].").

### E. Actual Conflict and Other Case Related Factors

The Debtor states that Mize's employment should be denied because if the court were to grant it, Mize would represent both the Debtor as the defendant in the state court lawsuit and represent Ms. Meadows as the plaintiff. Recognizing, however, the distinction between the Debtor personally, and the Chapter 7 Trustee as the administrator of the Debtor's bankruptcy estate, the Debtor further states that the distinction is a merely technical one and the Debtor's bankruptcy estate essentially has no rights other than what the Debtor had acquired pre-petition. To prosecute the Debtor's causes of action, the Trustee's counsel will presumably have to confer with the Debtor regarding such items as the Debtor's failure to list her claims against Richmond and Allstate on her original petition, which is also forms the basis for Ms. Meadows's adversary complaint to deny the Debtor a discharge.

As recognized by the Debtor's counsel, the Trustee is not the Debtor, the Trustee is the administrator of the Debtor's bankruptcy estate, and the Trustee has the independent capacity to sue and be sued. 11 U.S.C. § 323(b). Although it is the Debtor's rights and causes of action that became part of the Debtor's bankruptcy estate under § 541(a)(1), it is the Chapter 7 Trustee, and not the Debtor, that controls property of the estate. § 704(a)(1); *see In re Bunn-Rodemann*, 491 B.R. 132, 133 (Bankr. E.D. Cal. 2013) ("One of the immediate results of electing to file a Chapter 7 case is that all of the property of the estate is placed under the exclusive control of the Chapter 7 Trustee."). In fact, as evidenced here, the Trustee's interests in administering property of the Debtor's bankruptcy estate is often contrary to the interest of the Debtor, who has her own attorney to represent her interests. This distinction is not a mere technicality; the Trustee is simply not the representative of the Debtor personally and the assertion that Mize would be representing both Ms. Meadows as plaintiff and the Debtor as a defendant in the state court lawsuit is inaccurate. If Mize's employment is approved, he would be representing the Chapter 7 Trustee, presumably as a party plaintiff, against Richmond and Allstate.

Regarding the transfer of information from the Debtor to Mize as the Trustee's attorney, the Bankruptcy Code places obligations upon the Debtor, and others, to turnover information to the Trustee regarding property of the estate. Parties have an obligation to surrender any recorded information, including books, documents, records, and papers relating to property of the estate and to cooperate with the Trustee as is necessary to enable the Trustee to perform the Trustee's duties under the Bankruptcy Code. 11 U.S.C. § 521(a)(3), (4). In addition, under § 542(e), subject to any applicable privilege, the Trustee may make a request for turnover to the Debtor's pre-petition attorney that holds recorded information, including books, documents, records, and papers relating to the debtor's property or financial affairs.

The possibility that Mize may obtain certain information in his representation of the Trustee that has a collateral benefit for his creditor client in litigating her objection to discharge proceeding, or which may have a collateral benefit in litigating his creditor's client's third party claims against Richmond and Allstate, however, does not create any interest that is adverse to the bankruptcy estate. The ability of Richmond, Allstate, Steele or the Debtor to shield privileged information from discovery by the Trustee, or by Ms. Meadows, is a matter to be taken up in the process of discovery. *See, e.g.*, *In re Winterville Marine Servs*. No. 05-13815, 2008 Bankr. LEXIS at *17 n.12 (Bankr. N.D. Miss. Apr. 16, 2008) (approving concurrent employment of a creditor's attorney by the trustee and noting that the defendants' concerns that such representation could give the trustee's attorney access to documents protected by an applicable privilege could be taken up at a subsequent proceeding).

### III. CONCLUSION

Under the exception provided for creditor's attorneys under 11 U.S.C. § 327(c), the court cannot ascertain any actual conflict between the Trustee's proposed employment of Mize to pursue causes of action on the Trustee's behalf against Richmond and Allstate, and Mize's representation of Ms. Meadows as a proof of claim holder, a plaintiff in a state court proceeding asserting derivative claims against Richmond and Allstate, and as a plaintiff in an action against the Debtor to deny her a Chapter 7 discharge. The court further finds that an actual conflict of interest exists in allowing Mize to represent the Trustee in his contemplated cause of action against Steele for malpractice because Mize's dual representation would require him to establish two different sets

of facts to help support the legal claims of his creditor client and the contemplated claims of the Trustee.[2]

---

[2] Whether, given the court's ruling, the Trustee still wishes to employ Mize is reserved to his discretion. The Trustee, of course, is free to withdraw his motion to employ if he prefers to have one counsel prosecuting all of the estate's claims, including the purported claim for malpractice.

11